UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

NETTIE SCIOLINO and
JEANNINE M. STREIFF,

                          Plaintiffs,

v.                                       Civil Action No. _____

CENTRAL CREDIT SERVICES, INC. and
ARROW FINANCIAL SERVICES, LLC,

                          Defendant.
_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendants violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff Nettie Sciolino is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Plaintiff Jeannine M. Streiff, mother of Plaintiff Nettie Sciolino, is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

6. Defendant Central Credit Services, Inc., (hereinafter "Central") is a foreign business corporation organized and existing under the laws of the State of Florida and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

7. Defendant Arrow Financial Services, LLC, (hereinafter "Arrow") is a foreign business corporation organized and existing under the laws of the State of Delaware and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

8. That at all times relevant herein, Central acted as agent for Arrow and acted within the scope of their agency.

9. Defendants, and each of them, regularly attempt to collect debts alleged to be due another.

10. The acts of the Defendants, and each of them, alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

11. All references to "Defendant" herein shall mean the said Defendant or an employee of the said Defendant.

## IV. FACTUAL ALLEGATIONS

12. That Plaintiff Sciolino allegedly incurred an auto loan debt to Wells Fargo. This debt will be referred to as "the subject debt."

13. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

14. That Plaintiff Streiff is a co-signer on the alleged subject debt.

15. That in of about January of 2007 Plaintiff Sciolino was in a car accident that left her automobile a total loss.

16. That Plaintiff Sciolino was informed she had gap insurance which covered remainder of the subject debt that was due after liquidation of the automobile that secured the loan.

17. That despite availability of gap insurance to pay the balance of the subject debt, Wells Fargo sold or assigned the alleged subject debt to Arrow.

18. That Plaintiff Sciolino disputed the subject debt with Arrow and sent copies of her insurance contract and a letter from the dealer providing proof of said gap coverage.

19. That upon information and belief Defendant Central was thereafter employed by Arrow, to collect the subject debt.

20. That in or about April of 2008, Arrow began to call Plaintiff Sciolino multiple times per day on multiple days per week in an attempt to collect the subject debt.

21. That in or about May of 2008, Arrow began calling Plaintiff Streiff on multiple times per day on multiple days per week on her home and cellular telephones in an attempt to collect on the subject debt.

22. That in or about May of 2008 Plaintiff Sciolino called Central and spoke to an employee who identified himself as "Justin Law." Said Plaintiff stated that she did not owe the debt. Mr. Law responded by stating it was Central's responsibility to collect the payment for his

client.  Central also stated they did not care who paid the debt, Plaintiff Sciolino or Plaintiff Streiff, but it had to be paid.

23. That in or about August of 2008 during one of the aforementioned telephone conversations with Mr. Law, Plaintiff Sciolino again stated that she did not owe the subject debt.  Upon hearing this information Mr. Law began reading the letter that Plaintiff Sciolino had sent to Arrow explaining that Plaintiffs did not owe the subject debt and providing documentation of that fact.  Mr. Law stated he did not care where the money came from but he would get the money for his client.  Mr. Law also threatened to take Plaintiff Streiff to court to recover the subject debt.

24. That on or about August 8, 2008, during a telephone conversation with Plaintiff Streiff, Mr. Law stated that Central was drawing up papers to take the matter to court and getting ready to put a lien on her home if the subject debt was not paid within seven days.

25. That thereafter Plaintiff Streiff, out of fear of the consequences that would befall her if she did not pay the alleged subject debt, mailed Central a check to pay the subject debt in full, even though she did not believe it was legally owed.  In the letter accompanying the check said Plaintiff stating that she paying the debt only because she would be unable to refinance her home without doing so, and that she still disputed owing the subject debt.

26. That between the months of April of 2008 and August of 2008, Central would frequently leave messages on Plaintiff Streiff's telephone requesting her to call back the number provided.  Such messages did not include the name of Central or that such communication is from a debt collector.

27. That the money Plaintiff Streiff paid to Central in response to their threats constitute actual damages as defined in the FDCPA, and such damages were proximately caused by Defendants violations of the FDCPA.

28. That as a result of Defendant's acts Plaintiffs Nettie Sciolino and Jeannine M. Streiff became nervous, upset, anxious, and suffered from emotional distress.

## V. CAUSE OF ACTION

29. Plaintiffs repeat, re-allege and incorporate by reference the allegations contained in paragraphs 1 through 27 above.

30. The conduct of Defendants as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

   A. Defendants violated 15 U.S.C. §1692d and  15 U.S.C. §1692d(2) by using language the natural consequence of which was to abuse the hearer when stating to Plaintiff Sciolino he did not care where the money came from but he would get the money for his client, threatening to take said Plaintiff to court to recover the subject debt and by stating to Plaintiff Streiff that Defendant was drawing up papers to take the matter to court and getting ready to put a lien on said Plaintiff's house if the subject debt was not paid.

3

    B. Defendants violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(5) by repeatedly causing both Plaintiff Sciolino and Plaintiff Streiff's telephones to ring with the intent to annoy, abuse and harass.

    C. Defendants violated 15 U.S.C. §1692d, 15 U.S.C. §1692d(6), 15 U.S.C. §1692e and 15 U.S.C. §1692e(11) by leaving messages on Plaintiff Streiff's telephone without meaningful disclosure of the caller's identity and by failing to state that such communication is from a debt collector.

    D. Defendant violated 15 U.S.C. §1692e and 15 U.S.C. §1692e(2)(A), 15 U.S.C. §1692e(4), 15 U.S.C. §1692e(5) and 15 U.S.C. §1692e(10) by stating Defendant would take Plaintiff Sciolino to court to recover the subject debt and by stating to Plaintiff Streiff that Defendant was drawing up papers to take the matter to court and getting ready to put a lien on said Plaintiff's house unless the subject debt was paid.

    E. Defendants violated 15 U.S.C. §1692f and 15 U.S.C. §1692f(1) by attempting to collect a debt not authorized by the agreement creating the debt or permitted by law.

31. That Arrow is vicariously liable for all of the tortious conduct committed by Central as described in this complaint pursuant to the laws of agency and respondeat superior.

32. That as a result of the Defendants FDCPA violations as alleged herein, Plaintiffs Nettie Sciolino and Jeannine M. Streiff became nervous, upset, anxious and suffered from emotional distress.

33. That as a result of Defendants FDCPA violations, Plaintiff Streiff suffered actual damages as is more fully described in paragraph 27 herein.

**WHEREFORE**, Plaintiffs each respectfully request that judgment be entered against each of the Defendants for:

    (a) Actual damages;

    (b) Statutory damages for each Plaintiff pursuant to 15 U.S.C. § 1692k.

    (c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

    (d) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiffs demand trial by jury in this action.

Dated: January 16, 2009

/s/Kenneth R. Hiller, Esq.
Kenneth R. Hiller, Esq.
Amanda R. Jordan, Esq.
Law Offices of Kenneth Hiller
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: khiller@kennethhiller.com
         ajordan@kennethhiller.com